CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 2 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TERENCE ANTOINE KEEN, | ) | CASE NO. 7:12CV00328 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| UNKNOWN, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Terence Antoine Keen, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the June 30, 2009 judgment of the Danville Circuit Court under which he stands convicted of narcotics and drug offenses and sentenced to imprisonment. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice for failure to exhaust state court remedies and for failure to state grounds for relief.

Section 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that *he is in custody in violation of the Constitution* or laws or treaties of the United States." § 2254(a). Thus, in order to pursue a § 2254 petition in this court, petitioner must state claims and facts in support, demonstrating that he is in custody in violation of the Constitutional or laws of the United States.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims, throughout the state court system, to the highest state court with jurisdiction to consider the claims. See

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, after his conviction in the trial court, the defendant can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia. As to claims that generally cannot be addressed on appeal, such as claims of ineffective assistance of trial counsel,[1] the defendant's state court remedies in Virginia include filing a state habeas petition with the Circuit Court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia, Va. Code Ann. § 8.01-654(a)(1); § 17.1-411, or in the alternative, filing a state habeas petition directly with the Supreme Court of Virginia. § 8.01-654(a)(1). Whichever route he follows in exhausting state court remedies, a defendant must ultimately present his claims to the Supreme Court of Virginia before a federal district court can consider the merits of his claims under § 2254.

In this § 2254 petition, under the section for listing grounds for habeas corpus relief, Keen alleges only the following: "Ineffective assistance of counsel [and] violation of the 4th Amendment." Keen does not state any facts on which he bases these bare legal conclusions or explain how they apply in his case to show that he is confined in violation of the Constitution or laws of the United States. Keen also states on the face of his petition that he pursued a direct appeal, but that he has never presented these claims in any other habeas corpus petition. State court records available online for the Supreme Court of Virginia verify that Keen has not pursued a habeas corpus petition or appeal in that court, as required to exhaust state court remedies in Virginia. These records also indicate that Keen's appeal from his criminal conviction to the Supreme Court of Virginia was refused in August 2010.

---

[1] See Lenz v. Commonwealth, 544 S.E. 2d 299, 304 (Va. 2001) (claims raising ineffective assistance of counsel in a Virginia criminal case must be asserted in a habeas corpus proceeding and are not cognizable on direct appeal).

2

It is clear from the petition and the online records that Keen has not exhausted state court remedies. Under state law, Keen may have waited too long to pursue a habeas corpus petition in the state courts. As Keen also fails to state facts or specific claims showing that he is confined in violation of the Constitution or laws of the United States, however, it is clear that he is not entitled to <u>habeas</u> relief in this court, based on his claims as raised in this petition.[2] Accordingly, the court finds it appropriate to dismiss Keen's § 2254 petition without prejudice, pursuant to Rule 4 of the Rules governing 2254 Cases.[3] <u>See also</u> <u>Slayton v. Smith</u>, 404 U.S. 53, 54 (1971) (finding that § 2254 habeas petition must be dismissed without prejudice if petitioner has not presented his claims to the appropriate state court and could still do so). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 2nd day of August, 2012.

_____
Senior United States District Judge

---

[2] Keen is also advised that his petition appears to be untimely filed in this court, pursuant to 28 U.S.C. § 2244(d). This section provides that a § 2254 petition must generally be filed within one year from the date on which the petitioner has exhausted his direct appeal options. Therefore, if Keen decides to refile his claims in another § 2254 petition, providing a statement of the facts in support, he will also need to provide information about why his claims are timely under § 2244(d) or why they may nevertheless be considered for equitable reasons.

[3] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

3